IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM J. HORAN,                  :
                                   :
                Plaintiff,         :           No. 4:CV-08-00529
                                   :
         v.                        :           (McClure, J.)
                                   :           (Mannion, M.J.)
UNITED STATES OF AMERICA,          :
ET AL.,                            :
                                   :
                Defendants         :
                                   :

**O R D E R**

March 12, 2009

**BACKGROUND:**

On March 24, 2008, plaintiff William J. Horan, a federal prisoner and former

inmate at the United States Penitentiary at Allenwood filing pro se, commenced

this combined Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and

Bivens[1] civil rights action, claiming, inter alia, that the defendants were negligent

and deliberately indifferent regarding an assault he endured on August 20, 2006

and the subsequent medical treatment for his injuries.  (Rec. Doc. No. 1).  Plaintiff

named the following eleven (11) defendants: United States of America, Dr.

---

[1]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403
U.S. 388 (1971).

Vermeire, Ms. DeWald, Williamsport Hospital, Dr. William W. Banks, Dr. John C.

Malloy, John Doe 1, John Doe 2, John Doe 3, John Doe 4 and John Doe 5.  (Id.).

The matter was initially referred to United States Magistrate Judge Mannion.

On July 1, 2008, a motion to dismiss the plaintiff's complaint was filed on

behalf of defendants Williamsport Hospital and Banks ("Williamsport

Defendants").  (Rec. Doc. No. 32).  Magistrate Judge Mannion later construed this

motion as one for summary Judgment.  (Rec. Doc. No. 98, p. 1).  On July 8, 2008,

Malloy filed a motion to dismiss.  (Rec. Doc. 35). On August 13, 2008, the United

States of America, Vermerie and Dewald (the "Government Defendants") filed a

motion to dismiss and for summary judgment.  (Rec. Doc. No. 63).  The proper

supporting, opposition and reply briefs for each motion were timely filed.

On February 12, 2009, Magistrate Judge Mannion filed a forty-six (46) page

report and recommendation.  (Rec. Doc. No. 98).  In his report, the magistrate

judge concluded that: (1) summary judgment should be granted in favor of the

Williamsport Defendants in regards to the medical malpractice claim the court

construed against them because the plaintiff has failed to file an appropriate

certificate of merit, as required by Pa. R. Civ. P. 1042.3; (2) summary judgment

should be granted in favor of the Williamsport Defendants in regards to plaintiff's

Eighth Amendment deliberate indifference claim because the record does not

demonstrate that the Williamsport Defendants were deliberately indifferent, merely

that the plaintiff disagrees with their treatment methods; (3) summary judgment

should be granted in favor of the Williamsport Defendants in regards to the

intentional infliction of emotional distress claim the court construed against them

because it cannot reasonably be said that the actions of the Williamsport

Defendants were "extreme or outrageous," as required by state law; (4) summary

judgment should be granted in favor of the Williamsport Defendants in regards to

the negligent infliction of emotional distress claim the court construed against them

because plaintiff has failed to demonstrate that he suffered a physical injury as a

result of emotional distress, as required by state law; (5) plaintiff's medical

malpractice claim against Malloy should be dismissed for failure to file an

appropriate certificate of merit, as required by Pa. R. Civ. P. 1042.3; (6) Malloy's

motion to dismiss should be granted in regards to the deliberate indifference claim

the court construed against him because the record is bereft of evidence indicating

deliberate indifference on Malloy's behalf; instead it indicates that Malloy actively

treated plaintiff; (7) Malloy's motion to dismiss should be granted in regards to the

intentional infliction of emotional distress claim the court construed against him

because there is no indication Malloy engaged in the type of outrageous conduct

necessary to sustain a claim under state law; (8) Malloy's motion to dismiss should

be granted in regards to the negligent infliction of emotional distress claim construed against him because plaintiff has failed to demonstrate that he suffered a physical injury as a result of emotional distress, as required by state law; (9) summary judgment should be granted in favor of Vermeire in regards to the Eighth Amendment deliberate indifference claim because the record is bereft of evidence indicating deliberate indifference on Vermeire's behalf; instead it indicates that Vermeire actively treated plaintiff; (10) summary judgment should be granted in favor of DeWald in regards to the Eighth Amendment deliberate indifference claim because, inter alia, the record is bereft of evidence indicating that DeWald "has a reason to believe that the medical staff was either mistreating or not treating the plaintiff for his injuries."; (11) summary judgment should be granted in favor of the five John Doe defendants because plaintiff has made no attempt to identify the defendants; (12) to the extent that plaintiff has brought a Bivens claim against the Government Defendants in their official capacities, his complaint should be dismissed, because the government has not waived sovereign immunity regarding these claims; (13) summary judgment should be granted in favor of the Government Defendants regarding plaintiff's FTCA medical malpractice claim because plaintiff failed to file an appropriate certificate of merit, as required by Pa. R. Civ. P. 1042.3; (14) to the extent that plaintiff alleges an FTCA failure to

protect claim, summary judgment should be granted in favor of the Government

Defendants because the record is bereft of evidence indicating that government

officials were aware the plaintiff was in danger when he was attacked; (15)

summary judgment should be granted in favor of the Government Defendants in

regards to the intentional infliction of emotional distress claim the court construed

against them because it cannot reasonably be said that the actions of the

Government Defendants were "extreme or outrageous," as required by state law;

and, (16) summary judgment should be granted in favor of the Government

Defendants in regards to the negligent infliction of emotional distress claim the

court construed against them because plaintiff has failed to demonstrate that he

suffered a physical injury as a result of emotional distress, as required by state law.

Plaintiff has not filed any objections to the magistrate judge's report and

recommendation and the time for doing so has since passed.  Because plaintiff has

elected not to object to the report and recommendation and because we agree with

the magistrate judge's thorough analysis and recommendation, we will adopt the

report and recommendation in full.  For the purposes of judicial economy, we will

not rehash the sound reasoning employed by the magistrate judge.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    United States Magistrate J. Mannion's Report and Recommendation is

      ADOPTED IN FULL.  (Rec. Doc. No. 98).

2.    The motion for summary judgment filed on behalf of Williamsport

      Hospital and Dr. William W. Banks is GRANTED.  (Rec. Doc. No.

      32).

3.    Dr. John C. Malloy's motion to dismiss is GRANTED.  (Rec. Doc.

      No. 35).

4.    The motion to dismiss and motion for summary judgment filed on

      behalf of the United States of America, Dr. Vermeire, Ms. DeWald,

      John Doe 1, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 is

      GRANTED.  (Rec. Doc. No. 53).

5.    Final judgment is entered against plaintiff and in favor of defendants

      Williamsport Hospital, Dr. William W. Banks, the United States of

      America, Dr. Vermeire and Ms. DeWald.

6.    The complaint is dismissed as against Dr. John C. Malloy and John

      Does 1, 2, 3, 4 and 5.

7.    The clerk is directed to close the case file.

8.    Any appeal from this order is not taken in good faith.

                                        s/ James F. McClure, Jr.

James F. McClure, Jr.
United States District Judge